# CHARLESTON.

## STATE *v.* MONONGAHELA RIVER R'D CO.

Submitted June 13, 1892 —Decided Nov. 26, 1893.

RAILROAD COMPANIES—HIGHWAYS—NUISANCE—OBSTRUCTION—IN-
DICTMENT.

> If a railroad company, under authority from a County Court
> giving it license to build its road upon, along or across public
> highways upon the express condition that it shall restore such
> highways to their former state, or to such state as not unneces-
> sarily to impair their usefulness, takes possession of a part of a
> public highway and constructs its road upon it but fails to re-
> store the highway to such state as is required by law, it is guilty
> of maintaining a nuisance, and may be indicted under section
> 45, c. 43, of the Code, notwithstanding it has such authority from
> the County Court.

*John Bassel,* for plaintiff in error.

*Alfred Caldwell,* Attorney General, for the State, cited 74
N. Y. 302; Code s. 50 c. 54; Code s. 45, c. 43; 58 N. Y. 165;
38 N. Y. 433; 24 W. Va. 809; 6 W. Va. 476; 31 Ohio St.
338; 54 Md. 148; 107 N. Y. 360; 116 Ind. 446; 23 Flo.
546; 46 Md. 425; 67 Ill. 118; 42 Ia. 234; 52 Mich. 108.

BRANNON, JUDGE:

Upon an indictment in the Circuit Court of Harrison
county against the Monongahela River Railroad Company
for obstructing a highway the said company was fined ten
dollars, and it has brought the case here.

The question in the case is whether section 45, c. 43, of
our Code, providing generally a penalty against any one
obstructing a road, can at all be applied to a railroad com-
pany building its road upon a highway under the consent
and authority of a county court.

It is contended that the section applies only to willful
acts of obstruction, done utterly without authority; and
that, as the statute providing that railroads may occupy
roads on certain terms contains no penalty for a violation

of those terms, it is not the subject of indictment, but only a matter of civil cognizance. We can not assent to this position.

That the company must restore the highway to its former condition, or to such condition as not unnecessarily to impair its usefulness, and make and keep in repair crossings, both under the common-law and clause 6, s. 50, c. 54, of the Code, is shown in the case of *City of Moundsville* v. *Ohio River R. R. Co.* (16 S. E. Rep. 514) *supra p.* 92. That a railroad company failing to do this as required by law is guilty of maintaining a public nuisance will sufficiently appear from the authorities there cited. If a nuisance, it is a subject of indictment; and obstruction of a highway is a common-law nuisance, and the statute cited above is only declaratory of the common-law. To show that this particular nuisance is the subject of an indictment against the railroad company, I refer to the authorities cited in the case above named.

Why, logically, is not the question, whether the company has complied with its duty, triable by a jury under an indictment for the wrong done the public? It is simply a question of fact for a jury. If sued in a civil action by an individual suffering from the company's omission, the same question identically would be for a jury. If the company has met the measure of its obligation in either case, that would be its ample defence.

What difference, in this regard, between this indictment for this nuisance, and one against an individual for obstructing a road? The question would be : Has the defendant followed or departed from the terms of its authority? Suppose, in a civil action against the company, it would file a special plea of the license from the County Court, and the plaintiff should reply that the defendant had made no restoration of the road—no substituted road at all —would not the replication be good? I think so. Suppose the plea to aver the license, and that the condition to restore had been complied with—as I think it should to be good—would not a replication that the road as restored was bad be good? The same principles would apply upon an indictment under the plea of not guilty.

Instances are numerous where officers armed with process, or persons acting under license, are indicted under the theory that the authority or license affords no protection because of excess beyond, or departure from, or failure to comply with the same. I concede that *State* v. *Railroad Co.*, 24 W. Va. 809, does not adjudge the point. I remark that the letter of the order of the County Court giving leave to use highways was an express condition that the company should restore them—a grant strictly upon condition—and the company can not enjoy the grant and dispense with the condition.

The court gave two instructions asked for by the defence, and it is claimed, that, had the jury obeyed them, the verdict would have been for the defendant, and for this reason the trial-court ought to have set it aside. This would be true as to one of the instructions, were it good in law; but it is not.

The first instruction properly informed the jury that if, when the company under the authority of the County Court took the old road for its track, it "at the same time constructed another piece of road, suitable and sufficient for the use of the public, in lieu of that taken and appropriated for its road-bed or tracks by the defendant, and that proper crossings were made and kept in repair by the defendant at the points, where such public road crossed the road-bed of the defendant, then the jury should find for the defendant."

The second instruction informed the jury that "if, when the company took the old road under authority of the County Court, it also constructed a new road in place of the one so taken by it, for the public, and which was used by the public, then the jury can not find the defendant, under this indictment, guilty, merely because the jury might think from the evidence that a better county road could have been constructed by the defendant for the public use."

The instructions are inconsistent, because they set up different tests of legal defence ; one requiring the new road to be suitable and sufficient for the public use, the other merely that the company should have made a road for the

public, which was used by it, though the jury might be of opinion that it was unsuitable and insufficient, and that a better one could have been made. If the principles we hold are correct, the second is bad.

The jury found on the evidence a different state of facts from that supposed in instruction No. 1; that is, that the road was not such as therein required. This involves the weight of the evidence, and we find ourselves unable to set aside the verdict because unwarranted by the evidence. The evidence conflicts as to the adequacy of the new road. There is very considerable evidence tending to show by a preponderance, perhaps, that the company took about one fourth of a mile of an old county road, which was well macadamized, and very good, and on it built its roadbed and track, and made out of soft material coming from the excavation for its road a new county road, inferior to the old, between its track and the West Fork river, the river washing its base, and did not macadamize it, and that it was very bad in wet weather, nearly impassable, and so narrow that teams could not pass, and loads of hay would hang over the railroad cross-ties; that a better road could have been made between the railroad and the hill than between the railroad and river, by cutting into the the base of the hill, though it would have been more costly. The sufficiency of the substituted road was one for the jury on the evidence, and we can not say that the jury plainly erred in its verdict.

JUDGMENT AFFIRMED.