## CHARLESTON.

### STATE *v.* ELK ISLAND BOOM CO.

Submitted January 27, 1896—Decided March 28, 1896.

1. BOOM COMPANIES—OBSTRUCTION OF WATER COURSES—INDICTMENT.

   A boom company may be proceeded against by indictment for erecting and maintaining a dam or other thing in any water course which is a public highway, which dam obstructs the navigation or the passage of fish, under section 24 of chapter 44 of the Code.

2. BOOM COMPANIES—BOOM-LAW.

   But such company may except itself from the operation of the statute by showing that such dam or other thing is or has been allowed by what is called the "Boom Law."   See Code, 1891, Append. p. 1004.

3. BOOM COMPANIES—RIGHTS IN WATER WAYS—CONSTRUCTION OF STATUTES.

   The legislature may, by such general law, confer on individu-

als and corporations rights in water ways which are not navigable except for canoes, push boats, *etc* , and, for floating logs, rafts, *etc.*, rights in opposition and paramount to such public right, but the law conferring such private right, so far as it is in derogation of such public right of way, must be strictly construed.

W. E. HAYMOND for plaintiff in error, cited Code, Append. p. 1004.

ATTORNEY-GENERAL T. S. RILEY for defendant in error, cited Code, c. 44, s. 24.

HOLT, PRESIDENT:

Upon a writ of error to a judgment of the Circuit Court of Braxton county, rendered on the 19th day of December, 1894, against the defendant company, found guilty of a misdemeanor in obstructing the navigation of Elk river.

The indictment is founded on section 24 of chapter 44 of the Code, which reads as follows: "Any dam or other thing in a water course which obstructs navigation or the passage of fish shall be deemed a nuisance unless it be to work a mill, manufactory or other machine or engine useful to the public, and is or has been allowed by law or order of court or by order of the supervisors of the county." This statute, as we see by the use of the term "supervisors," is not of recent enactment, for no such officers have been in existence since the constitution of 1872. They are now called "commissioners of the county court."

By an act called the "Boom Law," passed in 1889, amending and re-enacting former laws on the subject, it was provided, among other things, that any number of persons not less than five might become an incorporated company for the purpose of constructing any boom or booms, with or without piers, dam, or dams, in the rivers, creeks, or other streams within any of the following counties in this state, to wit, Gilmer, Braxton, *etc.*, which may be necessary for the purpose of stopping and securing boats, rafts, logs, masts, spars, lumber, and other timber. See Code, 1891, Append. p. 1004. Under this law, this company became incorporated by certificate of incorporation, duly signed, authenticated, and delivered by the secretary of

state on the 26th day of February, 1889, and has built and is using its boom with one or more dams across Elk river, at Elk Island, at that point a floatable, but not a navigable stream.

The boom law requires such boom or booms to be so constructed as to permit boats, rafts, and other timber, when desired by the owners, to pass them without avoidable delay, and without paying toll, *etc.* See Boom Law, Code 1891, p. 1011, par. 4. This part of the boom law is found in the latter part of the indictment, and is evidently added merely to specify wherein the dam is unlawful. It is manifest that the indictment is founded on section 24 of chapter 44. This is made plain from its following the peculiar language of the statute, "and did then and there permit said dam to remain for more than 24 hours;" for this section prescribes that, "for every twenty-four hours that a dam or other thing may remain in a water course in violation of this section, the person causing or permitting such violation shall forfeit two dollars," *etc.* If this view is correct, such specification, if unnecessary, could be but mere surplusage, not making the indictment bad on demurrer, and therefore to overrule it was not error.

It appears that the dam complained of is located across Elk river in Braxton county, at the lower end of Elk Island, a short distance above the lower end of defendant's pocket boom. The defendant put it there in the summer of 1893. It is about 3 feet high from the bottom of the river, and, in an ordinary stage of water, extends above the surface about 18 inches. At that point Elk river is what is called a "floatable stream," capable of being used to float logs, rafts, and other timber only when the water is up. To accomplish the only purpose for which the boom was constructed and is used, it must be capable of stopping and holding logs and other timber, some of which is to stop and be manufactured at that point, others to be let through and passed on. This could not be done without a dam to throw the water back high enough to float the logs, and thus take them out of the boom, and pass them on. To do this, the company used a temporary structure placed on top of the permanent dam; thus giving temporarily a depth

of water of about five feet, sufficient to take the logs into certain channels, and thus pass them into the pocket boom. At other times this temporary top dam is taken off. The river is a public highway, used for floating logs, rafts, timber, boats, *etc.*, also for canoes, push boats, and like craft; up stream as well as down. To impede and delay and render in some degree more difficult the passage of such canoes and push boats is a necessary, unavoidable incident of such booms and dams, especially at certain stages of the water. The public have a right to thus use this highway. But such booms and dams are considered by our laws as public conveniences, and the legislature, representing in this regard the sovereign power, may confer on individuals and corporations by general law, as in this case, rights in opposition and paramount to this public right. *Crenshaw* v. *Slate River Co.* (1828) 6 Rand. (Va.) 245. And although such boom and dam may obstruct such use of a non-navigable, but floatable stream, yet it is not for that reason a public nuisance. See *Watts* v. *Railroad Co.*, 39 W. Va. 196 (19 S. E. 521). To determine this question, we must look to the power conferred on the boom company by law; and if, bearing in mind the nature and purpose of the boom and dam, the evidence shows that the ordinary use of the river by the public is obstructed or impeded to an unreasonable and unnecessary degree, or that delay is caused in the passage up or down of such boats which is unreasonable and avoidable, then such obstruction falls under the condemnation of section 24 of chapter 44, as one not allowed by law. See *State* v. *Monongahela River R. Co.*, 37 W. Va. 108 (16 S. E. 519) and *City of Moundsville* v. *Ohio River R. Co.*, 37 W. Va 92 (16 S. E. 514) for a full discussion of the general doctrine.

The evidence need not be reviewed. It is enough to say that it tends to prove that canoes and push boats were at the various times mentioned, and during a period of more than twenty four hours, impeded and subjected to delays, by the dam complained of, which could have been reasonably prevented and avoided.

The defendant tendered four instructions, which the court refused to give, but gave in lieu thereof the follow-

ing: "The court instructs the jury that it is a question for the jury to determine from the evidence whether Elk river, at the point at which the dam complained of is located, is floatable; and if the jury believe from the evidence that said river is capable of being used to float rafts, boats, and other timber in times of rises only, then, before they can find the defendant guilty, it must be proven to the jury by the evidence, beyond all reasonable doubt, that the dam complained of was so constructed and maintained as not to permit boats, rafts, and other timber to pass without unavoidable delay, at times of such rises as made the river so floatable." Of this instruction defendant can not complain. It states the law correctly applicable to the facts of the case, while defendant's instructions, taken as a whole, do not.

The judgment complained of is affirmed.