# CHARLESTON.

## STATE v. DRY FORK RAILROAD· CO.

Submitted June 12, 1901.   Decided November 23, 1901.

1. INDICTMENT—*Corporation—Allegation.*
   An indictment against a corporation need not aver that it is a corporation. If such were the requirement, however, the name, "The Dry Fork Railroad Company," would sufficiently import that it is a corporation. (p. 226).

2. INDICTMENT—*Obstructing Public Road.*
   To sustain an indictment for obstructing a public road, it must be shown that the road is a public one, not merely a private road. Mere user alone without its establishment or recognition by order of the county court, or work done upon by the surveyor of roads, will not make it a public road. (p. 226).

3. INDICTMENT—*Public Road—Limitation.*
   An indictment for obstruction of a public road will not be barred by limitation, though such obstruction began more than a year before the indictment, provided it was continued within such year, as every day's continuance of it is a new offense. (p. 238).

4. INDICTMENT—*Railroad—Averment.*
   It is not necessary, in an indictment against a railroad company for obstructing a public road, to aver that it had no license to occupy or cross the road. (p. 236).

5. CRIMINAL LIABILITY—*Description.*
   Where an exception or *proviso* exempting one from criminal liability is not a part of the description of the offense under a statute, though it be even in the enacting clause, it is not necessary to negative the exception or *proviso* in the indictment; otherwise it is necessary. (p. 237).

Error to Circuit Court, Randolph County.

The Dry Fork Railroad Company was convicted of obstructing a public road, and brings error.

*Reversed.*

C. WOOD DAILEY, for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., and L. C. ANDERSON, for the State.

BRANNON, PRESIDENT:

The Dry Fork Railroad Company having been convicted in the circuit court of Randolph County by the verdict of a jury of obstructing a public highway by maintaining a bad crossing where the railroad crossed the public highway, has brought this writ of error.

The indictment is not bad for omitting to aver that the defendant is a corporation. It is very well settled in the Virginias, and generally elsewhere, that in civil cases it is not necessary to aver in a declaration that a party is a corporation, or to show how it became such by pleading its charter. *Reese* v. *Conococheque Bank,* 5 Rand. 326; *Douglass* v. *Kanawha etc. Co.,* 44 W. Va. 267. I see no reason for drawing any distinction, in this matter, between civil and criminal proceedings. Individuals and corporations are both persons, both entities, the one natural, the other legal. But authorities say that it is not necessary in an indictment to say that the defendant is a corporation. 10 Ency. Pl. & Prac. 509. If, however, it were necessary to aver it in the indictment, the name, "The Dry Fork Railroad Company" would import a corporation, and be a sufficient averment that it is such. *Gillett* v. *American, etc. Co.,* 29 Grat. 565.

The indictment is not bad because of the fact that it does not negative that the defendant might have been authorized by the county court to construct its railroad track over or along the public road. It is true that sub-division 6, chapter 54, section 6, Code, gives the authority to a railroad company to construct its road, across, along or upon a highway with the consent of the county court, upon certain conditions. This is a grant of authority, a license to the company, and when it is charged with public nuisance by the obstruction of a highway, it must prove, as a matter of defense, such license or authority. The indictment charges that the company did unlawfully obstruct the highway. That is enough to call upon the defendant to show its authority, if any it has. The Chesapeake and Ohio Railroad Company was indicted for obstructing a highway, and this Court held that it was sufficient to aver that the act was done "unlawfully, or without lawful authority," that is, in either

way. If the act was done unlawfully, it must have been done without authority of the county court. *State* v. *C. & O. R. R. Co.,* 24 W. Va. 809. That case goes far to answer, I think completely answers, this objection. We settled in the case of *State* v. *Monongahela River R. Co.,* 37 W. Va. 108, and *Moundsville* v. *Ohio River R. Co., Id.* 92, that even where a railroad company has such authority, if it do not comply with it by keeping a crossing in order, it commits an indictable public nuisance. Besides, this offense is a common law offense, or rather now one under section 45, chapter 43, Code, not under section 50, clause 6, chapter 54. The rule as given in *Hill's Case,* 5 Grat. 682, and *Hendrick's,* 75 Va., p. 943, and *State* v. *Richards,* 32 W. Va., p. 356, is that where an exception or *proviso* is not in the enacting clause creating the offense, the indictment need not negative such exception or *proviso,* but the defense must show its application. Here the matter is not even in the same statute. The better rule, however, is that no matter whether the exception or *proviso* is in the enacting clause or not, if it is not a part of the description of the offense in the statute, it need not be negatived in the indictment, otherwise it must be. 10 Ency. Pl. & Prac. 495.

No evidence whatever was adduced to show that the road constructed was a public road. The only evidence bearing on that point is that a few people passed over it with vehicles. Even a general public user is not shown. There is not a bit of evidence to show that the county court ever established this road, or recognized it as a road, or that a surveyor of the county ever assumed any authority over or did any work upon it. As JUDGE WOODS said in *State* v. *C. & O. Co.,* 24 W. Va. 811, it was incumbent on the State to establish by competent evidence that the road was a public road. This could not be done except by an order of the county court establishing or recognizing it, or by work on it done by the public under the authority of a surveyor of roads. Mere user will not, without public authority, fasten a road upon the public, with all attendant liability therefor, or deprive the owner of his land. *Talbott* v. *King,* 32 W. Va. 6; *Ball* v. *Cox,* 29 W. Va. 407. In *Yates* v. *West Grafton,* 33 W. Va. 507, a recognition by the public authorities is required by the fourth point of the syllabus and the opinion by JUDGE LUCAS. *Kelley's Case,* 8 Grat. 632, will sustain this position, also *Dickers*

v. *Salt Co.,* 41 W. Va. 511. No evidence is given as to the length of user, even if that could make the road a highway for all purposes. Such long user might bind the landowner were he disputing the existence of the public way, but not the public, in the absence of recognition of the way by public authority. See *City* v. *Stokes,* 31 Grat. 713.

The point is made that no evidence shows that the obstruction was by the Dry Fork Railroad Co. This criticism of the trial of the case is not without force. It is not explicitly shown what railroad obstructed the highway. A witness was asked whether he was acquainted with the country where the "Dry Fork R. R. crosses the county road," and answered in the affirmative, and was then asked if "at any time prior to the May term of this Court the R. R. Co. caused any obstruction to the road," and answered, "Well, the crossing at that time was in bad shape." Taking the expressions "Dry Fork R. R." and "the R. R. Co." together, we may infer that it was the Dry Fork Railroad Company, merely infer. I think this point would hardly be sufficient to overthrow the verdict.

I think the verdict could not be set aside on the ground that the obstruction was not proven to have been within a year before the indictment. It is fairly shown that the obstruction continued up to a year before the indictment. It may have begun longer back than a year; but that makes no difference, if it continued within such year; for every day's continuance of a public nuisance is a fresh offense. 1 Wood on Nuisances, 457; *Valparaiso* v. *Moffitt,* 54 Am. St. R. 522, 528; 1 Bish. New Cr. L., s. 433 (2).

I cite 2 Wharton's Criminal Law, s. 1473, as additional authority to show the very evident proposition that "to sustain an indictment for nuisance in obstructing a road, the road must first be shown to be public and not private." For want of evidence required by our State authorities as to this point we must reverse the judgment, set aside the verdict and remand the case for a new trial.

*Reversed.*