## Commonwealth v. Kentucky Highlands Railroad Co.

(Decided April 12, 1912.)

### Appeal from Woodford Circuit Court.

1. Indictment—When Sufficiently Specific.—An indictment which charged a railroad company with suffering and permitting the approaches and grade of a public highway across the railroad track to become dangerous and unsafe for public travel "on the 24th day of May, 1911, and continuously for weeks prior thereto, within twelve months prior to the finding of the indictment," is

sufficiently definite as to the time of the commission of the offense.

2.  Nuisance—Prosecution For.—In a prosecution for a nuisance, the Commonwealth is not confined in its proof to the day alleged in the indictment, but may prove the commission of the offense on any day within twelve months before the finding of the indictment.

3.  Criminal Law—Bar.—Where the offense charged in the indictment is a continuous one, it cannot be split up into several different offenses, and a conviction had under more than one of them. A trial resulting in an acquittal or conviction under an indictment of this character will be a bar to another prosecution for the same offense, which occurred prior to the indictment.

4.  Criminal Law—Bar.—The rule for determining whether one prosecution is a bar to another is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction. When there could, the second can not be maintained; when there could not, it can be.

JAMES GARNETT, Attorney General and D. O. MYATT for appellant.

WALLACE & HARRISS and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee was indicted for maintaining a common public nuisance. The charge is that it did ''on the 24th day of May, A. D., 1911, and continuously for weeks prior thereto, within twelve months before the finding of this indictment,'' unlawfully suffer and permit the approaches and grade of one of the public highways of Woodford County on either side of the railroad track on the said railroad company's right of way ''to become and remain for the above charged weeks, which was an unreasonable length of time,'' dangerous and unsafe for public travel. A demurrer was sustained to the indictment upon the ground that it was too indefinite as to the time of the commission of the offense, in that the number of weeks, or the weeks during which said nuisance was permitted, were not specified; and if the accused should be acquitted or convicted under the indictment as drawn, it would be no bar to another indictment that might be returned within the twelve months named.

Section 129 of the Criminal Code of Practice reads as follows:

''The statement in the indictment, as to the time at which the offense was committed, is not material further

than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense.''

It will be noticed that the indictment charged that the nuisance existed on May 24, 1911, and continuously for weeks prior thereto, and within twelve months before the finding of the indictment. Clearly, this is a charge that the nuisance existed on May 24, 1911, and continuously for weeks prior thereto, without cessation or interruption.

In Cincinnati Railroad Co. v. Commonwealth, 80 Ky., 140, which was a prosecution for a nuisance, it was held that the Commonwealth was not confined to the day alleged in the. indictment, but had the right to prove the commission of the offense on any day within twelve months before the finding of the indictment. And that ruling was approved in C. & O. Railroad Co. v. Commonwealth, 88 Ky., 368, and in Cawein v. Commonwealth, 110 Ky., 280.

The offense charged in the indictment being a continuous offense, it can not be split up into several different offenses, and a conviction had under more than one of them. A trial resulting in an acquittal or conviction under an indictment of this character will be a bar to another prosecution for the same offense, which occurred prior to the indictment. Cawein v. Commonwealth, supra, and Wilson v. Commonwealth, 26 Ky. Law Rep., 685.

The rule for determining whether one prosecution is a bar to another, is stated in Bishop on Criminal Law, section 1053, as follows:

''The test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction. When there could, the second can not be maintained. Where there could not, it can be.'' Cawein v. Commonwealth, 110 Ky., 280.

The indictment was sufficiently specific under the provision of the Code above quoted; and since a judgment thereunder would be a bar to another prosecution the circuit court erred in sustaining the demurrer.

Judgment reversed for further proceedings.