# CHARLESTON

STATE v. WESTERN MARYLAND RAILWAY CO.

Submitted March 10, 1914.   Decided April 28, 1914.

1.  RAILROADS—*Obstruction of Highway—Prosecution—Variance.*

    Upon an indictment charging unlawful obstruction of a public road, by then and there maintaining a railroad track across it for a long time up to the date of the indictment, in consequence of which obstruction said road was rendered impassable, the State is not limited to showing that such unlawful obstruction rendered the road impassable.   Any evidence showing unlawful obstruction will support the indictment, though the road is not thereby rendered wholly impassable, and there is no variance.   (p. 257).

2.  SAME—*Obstruction of Highways—Indictment—Burden of Proof.*

    On such an indictment it is not necessary to allege non-compliance by a railroad company with the conditions of its license or franchise to cross or occupy a public road, as descriptive of the offence.   Compliance with those conditions is defensive, and the burden of proof thereof is upon the defendant, to thereby make good its defense.   (p. 258).

3.  SAME—*Obstruction of Highway—Prosecution—Affirmative Defense —Sufficiency of Evidence.*

    In this case defendant failed to bear the burden, and make good its defense of compliance with the conditions of the order of the county court giving it right to occupy and cross the public roads of the county.   (p. 259).

Error to Circuit Court, Randolph County.

The Western Maryland Railway Company was convicted of obstructing a public road, and brings error.

*Affirmed.*

*E. A. Bowers,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MILLER, PRESIDENT:

Defendant was indicted for obstructing a public road, called the "Seneca Road" in Randolph County.   Briefly the indictment is, that defendant obstructed said road at Shumaker's Crossing, by then and there maintaining a railroad

track across it for a long time up to the date of the indictment, in consequence of which said obstruction said road was rendered impassable.

Defendant was found guilty, and a motion to set aside the verdict and for a new trial was overruled, and a fine of fifty dollars imposed.

The indictment is conceded to be good as one charging obstruction of a public road, but it is contended by counsel for defendant, that the manner of the obstruction charged, namely, by building and maintaining a railroad across the same whereby said road was rendered impassable, is the equivalent of a bill of particulars, and that the State was thereby limited in its proof, to showing that said road was thereby rendered impassable; and that the State having failed to prove the fact of impassability, as alleged, the court, as requested by defendant, should have instructed a verdict of not guilty.

We are of opinion that this is too narrow a view of the indictment. It charges unlawful obstruction of a public road, in general terms, good under section 56a LXXX, chapter 43, serial section 1847, Code 1913. Of course the State was limited to showing that the alleged unlawful obstruction was accomplished by building and maintaining a railroad across said road, but there would be no material variance between allegata and probata, if the evidence failed to show that the road was thereby rendered wholly impassable. If the evidence shows an unlawful obstruction a good cause is made against defendant and the verdict well founded in fact. That an indictment so supported is good is a proposition fully sustained by our decisions. *State* v. *C. & O. R. R. Co.*, 24 W. Va. 809; *Moundsville* v. *Ohio R. R. Co.*, 37 W. Va. 92; *State* v. *Monongahela River Railroad Co.*, Id. 108; *State* v. *Ohio River R. R. Co.*, 38 W. Va. 242; *Pence* v. *Bryant*, 54 W. Va. 263; *Wees* v. *Coal & Iron Ry. Co.*, Id. 421; *Railroad Co.* v. *Town of Triadelphia*, 58 W. Va. 487. These are not all state cases, but all involve principles applicable to the proposition for which they are cited. See, also, 2 Elliott on Roads & Streets, sections 828, 829, note 19, last section citing, among other cases, *Com.* v. *Nashua &c. R. Co.*, 2 Gray 54;

*Com.* v. *Old Colony &c. R. Co.,* 14 Gray 93; 2 Elliott on Railroads, sections 1056, 1057j.

Defendant under its plea of not guilty, admitting obstruction of the original road, undertook to defend on the ground of a license from the county court to the Coal and Iron Railway Company, its predecessor, in February, 1900, and by which latter company the railroad was built, pursuant to subsection 6, of section 50, chapter 54, serial section 2949, Code 1913, and compliance by it with the conditions of the license, the same substantially as prescribed by the statute. That condition is that such corporation "shall restore  *  *  *  the  *  *  *  road  *  *  *  thus intersected or touched, to its former state, or to such state as not unnecessarily to have impaired its usefulness."

Non-compliance by defendant with the conditions of its franchise is not descriptive of the offense, necessary to be alleged in the indictment and proven as alleged. Compliance with those conditions is defensive solely, and the burden of proof, as the court below properly instructed the jury, was on the defendant. *State* v. *Monongahela River Railroad Co., supra; Moundsville* v. *Ohio R. R. Co., supra; State* v. *Ohio R. R. Co., supra; State* v. *Railroad Co.,* 50 W. Va. 235; *Com.* v. *Hill,* 5 Grat. 682; *Hendricks* v. *Com.,* 75 Va. 943; *State* v. *Richards,* 32 W. Va. 356. In *State* v. *Railroad Co.,* 50 W. Va. *supra,* it is said: "This is a grant of authority, a license to the company, and when it is charged with public nuisance by the obstruction of a highway, it must prove, as a matter of defense, such license or authority." And in *Moundsville* v. *Ohio River R. R. Co., supra,* Judge BRANNON says: "The usefulness of the highway may be partially impaired, but the highway must be put in such condition as to be conveniently and safely passable." And again: "While the company has a discretion as to the manner of performing these duties, it is a ministerial discretion. The act must be done, and there is no discretion whether it will or will not do it. If the mode chosen fails to execute the duty, though the company claims that it is adequate, the law by mandamus will compel a proper performance, pointing out in the writ the point of failure, and what must be done so that there be no further failure." Again at page 104: "Acts done

pursuant to the license are sheltered under it; but, if they depart from its obligation to an extent to be contrary to the law, they are not sheltered, and are as if the license had not been granted. That license can not be appealed to for justification when it has been violated in letter and spirit. It could only be justified by performance of the condition. Authorities to sustain this proposition are many.'' And in *State* v. *Monongahela River R. Co., supra,* it is said: ''Why, logically, is not the question, whether the company has complied with its duty, triable by a jury under an indictment for the wrong done the public? It is simply a question of fact for a jury. If sued in a civil action by an individual suffering from the company's omission, the same question identically would be for a jury. If the company has met the measure of its obligation in either case, that would be its ample defence.''

The question then is, whether the defendant has borne the burden of showing compliance with the conditions of its franchise or license. The evidence shows that the location of the old road was materially shifted in the location of the new, and the grade thereof increased by a large fill, and that at the point of the crossing it is 11.5 per cent. on one side of the track and 13.3 on the other, and that at other points on the road as relocated, runs from five to ten per cent. The old road ranged from 3.2 to 12.6 per cent. on one side, and was practically on a grade of 5 per cent. on the other. It is also shown that the crossing is a difficult one, because of these heavy grades. This crossing was constructed on a curve in the railroad, and the road was also made to curve at that point. Whether as an engineering problem it was absolutely necessary in building the railroad and adapting it to the situation and contour of the land in the vicinity of the crossing, to make so large a fill and to so increase the grade of the public road that the one might be made to serve the necessary requirements of the other, are facts as to which the evidence is uncertain if not wholly wanting. It does not appear whether or not, if it was necessary that the railroad should cross the public road at the elevation shown, an easier and better grade and one more nearly corresponding to the grade of the old road, could have been made by bringing up the grades on each

side of the track so as to make them and the approaches easier and more convenient for travel. If what was done was the best that could be done, and the usefulness of the said road and crossing was not thereby unnecessarily impaired, these facts could and should have been fully proven. Judge BRANNON says in the Moundsville Case, "When I speak of the duty of restoration of the highway to its former condition, I do not mean it literally, for sometimes that would be impossible, and inconsistent with the joint use of the same ground by highway and railroad; but, though 'restoration', as here used, may not mean 'restoration to the same surface or elevation', yet it does mean that the highway must be brought back to its former usefulness, and rendered as passable as before, so as not unnecessarily to impair its usefulness for ordinary travel. Such is the meaning and language of our statute."

Practically the only evidence offered by defendant was that the road had been built under the direction of an engineer, who at the time of the trial was beyond the jurisdiction of the court, living perhaps in British Columbia, and his evidence was not taken. That the crossing had been carefully guarded and repaired from time to time by planks placed on the ties on the inside and outside of the rails, and by fills when the approaches thereto were washed by rains, and that the road was not thereby rendered impassable as alleged; that the road as relocated had been worked by the county court on both sides of the crossing outside the railroad right of way ever since the railroad was built, and without objection or complaint. This is as far as the evidence of the defendant went to show compliance with the condition of its franchise. We think this evidence short on this subject. As Judge BRANNON said, in *State* v. *Monongahela River R. R. Co.*, *supra*, "the sufficiency of the substituted road was one for the jury on the evidence, and we cannot say that the jury plainly erred in its verdict." The theory of the defendant in this case seems to be like that of the defendant in the case just referred to. The second instruction of the defendant, held bad in that case, would have told the jury that "if, when the company took the old road under authority of the County Court, it also constructed a new road in place of the one so taken by it, for the public, and which was used by the public, then the

jury can not find the defendant, under this indictment, guilty, merely because the jury might think from the evidence that a better county road could have been constructed by the defendant for the public use.''

It is said in argument that there was long acquiescence by the county court and the public in general in the relocation and substitution of the new for the old road, and in the grade and crossing established by the railroad company. But time does not bar the public with respect to obstructions in its roads and streets. *State* v. *Dry Fork R. R. Co.,* 50 W. Va. 235; *Ralston* v. *Town of Weston,* 46 W. Va. 544.

Though the question of the sufficiency of the new road as a substitute for the old was one of fact for the jury, depending of course upon the sufficiency of the evidence, and not one of arbitrary discretion, yet we cannot say from the evidence that the jury was unwarranted in its verdict. Indeed, we think the verdict was fully justified, and that defendant failed to prove the conditions under which it was allowed to occupy the public road.

For these reasons the judgment below must be affirmed.

*Affirmed.*