## Wilson v. Cooper, Judge.

(Decided May 12, 1933.)

H. C. KENNEDY for petitioner.

JOHN S. COOPER for respondent.

OPINION OF THE COURT BY JUDGE DIETZMAN—Denying writ of prohibition.

This is an original proceeding in this court. The petitioner seeks a writ of prohibition, prohibiting the respondent, the county judge of Pulaski county, from trying him under a warrant charging him with a violation of section 3779a-12 of the Kentucky Statutes, which makes it a misdemeanor for any one to obstruct a passway, the punishment fixed for such an offense being a fine of $10.

From the petition it appears that the petitioner has heretofore been tried and fined by the respondent for obstructing this passway with a fence. The petitioner thereafter not removing the fence, the instant warrant against him was taken out. Averring that the first conviction was a bar to any further prosecution against him for maintaining the fence in the passway and alleging that more than one year had elapsed between the first conviction and the issuance of the second warrant, the petitioner takes the position that he cannot be tried again for maintaining this fence and that therefore since the county judge is threatening to try him under a succession of warrants unless and until he removes the fence and the fine, if he be found guilty, is too small for an appeal, he is entitled to this writ of prohibition to prevent great and irreparable injury to him.

This court has control by way of writs of prohibition over courts inferior to the circuit courts when such inferior courts though proceeding within their juirsdiction are proceeding erroneously and great and irreparable injury will result for which there is no adequate remedy by appeal or otherwise. Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537. It is conceded that the respondent is proceeding within his jurisdiction. For the purpose solely of the decision of this case, it may also be conceded that if the petitioner be found guilty under the threatened warrants and fined, he will suffer great and irreparable injury for which there is no adequate remedy by appeal or otherwise. We are then confronted with the proposition whether or not the

respondent is threatening to proceed erroneously. We are of the opinion that he is not. The obstruction of a passway is a continuing offense. Each day's obstruction of a passway is a fresh offense. 1 Bishop's New Criminal Law, sec. 433 (3); 1 Wood on Nuisance, 457; 16 C. J. 226; State v. Dry Fork R. R. Co., 50 W. Va. 235, 40 S. E. 447. While it may be true that a prosecution and conviction of a continuing offense will be a bar to another prosecution for the same offense that occurred prior to the date of the warrant or indictment, Commonwealth v. Kentucky Highlands R. Co., 147 Ky. 709, 145 S. W. 386, such a prosecution and conviction is not a bar to a prosecution for the fresh offenses occurring thereafter arising out of such continuing offense. That the continuing offense though a misdemeanor had its inception more than twelve months prior to the institution of the prosecution, does not preclude such prosecution for it is sufficient to show the existence of such offense within that period. International Harvester Co. of America v. Commonwealth, 144 Ky. 403, 138 S. W. 248. It follows, therefore, that the respondent is not threatening to proceed erroneously and hence the petition for a writ of prohibition will have to be denied. It is so ordered.