CASE 26—INDICTMENT—FEBRUARY 28, 1882.

# Cincinnati Railroad Company v. The Commonwealth.

### APPEAL FROM MERCER CIRCUIT COURT.

1. The indictment contains every averment necessary to show that a nuisance was committed by appellants.
2. Appellants, by an act of the General Assembly, are granted all the powers incident to corporations, and should be held, like other railroad companies, liable for any violation of the laws of this state.
3. Appellee was not confined in its proof to the day alleged in the indictment.
4. There is no error in the instruction given for appellee

DURHAM & JACOBS FOR APPELLANT.

1. The facts set forth in the indictment are not sufficient to show a public nuisance. If any nuisance at all, it was private, and therefore not indictable. (13 Bush, 389.)
2. The court should have confined the Commonwealth to the day alleged in the indictment.
3. Appellants are not a corporation, either by Ohio or Kentucky statutes. (Kyd on Corporations, 13 Ohio State Record, 55; 32 Ohio Rep.; Acts Ky., 1871, p. 172; Rev. Stat. Ohio, 830, 836.)
4. Appellant's motion for a nonsuit should have been sustained.
5. The instructions for appellant should have been given.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The indictment is sufficient. The acts charged constitute a public nuisance. (Wharton on Crim. Law, 2d vol., sec. 2414; Ib., 2363.)
2. Appellants have all the chartered rights and privileges of railroad corporations, and should be held liable if they violate the laws of this state.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case is for the offense of a public nuisance, and the verdict of the jury and judgment of the court being against the defendant, this appeal is prosecuted.

It is contended that the indictment is defective, and the demurrer to it should have been sustained upon the grounds —first, that the facts stated do not constitute a public

offense, and second, that the trustees of the Cincinnati Southern Railroad are not a corporation, not indictable as such, but are answerable for a violation of law only individually.

The particular circumstances of the offense charged in the indictment are, that the defendant did, on the 16th day of October, 1880, unlawfully obstruct a public road in Mercer county, at a point where it crosses the Cincinnati Southern Railway, by leaving a hand-car upon said road, and hanging upon said car buckets and clothing, by reason of which, and the location of said car upon the road, the horses of people using and passing upon the road were frightened, and the lives of persons endangered, and the road obstructed.

"Public or common nuisances," as defined by Blackstone, "are a species of offenses against public order and economical regimen of the state, being either the doing of a thing to the annoyance of all the King's subjects, or the neglecting to do a thing which the common good required. . . . Of this nature are annoyances in highways, bridges, or public rivers, by rendering the same inconvenient or dangerous to pass, either positively by actual obstruction or negatively by want of reparation."

A public road is a way established and adopted by proper authority for the use of the public, and over which every person has a right to pass, and to use for all purposes of travel or transportation to which it is adapted and devoted; "and though any temporary use of a highway or street that is rendered absolutely necessary from the necessities of trade or erection of buildings that do not unnecessarily or unreasonably obstruct the same is lawful, and temporary obstructions arising from accidental causes do not render a person liable for a nuisance, provided no unreasonable or unneces-

sary delay is permitted, still no cause whatever will justify any unreasonable use of a public road or street." (Wood on Law of Nuisance, section 258.)

To secure the free use and enjoyment of a public road, it. is necessary that it be always open and· unobstructed. The offense of obstructing it is not therefore determined necessarily by the length of time the thing that worketh hurt, inconvenience, or damage to the public continues, or by the number of times it may be repeated; nor is it necessary, in order to constitute the offense, that actual injury be suffered. by any person. It is no more necessary that a public road shall be repeatedly, continuously, or habitually obstructed. by a person to render him guilty of the offense of a public· nuisance than that any other violation of law shall be in· order to make the offense complete. But, subject to the· exemptions arising from absolute necessity and accidental causes before mentioned, the offense is committed when by actual obstruction or impediment a public road is rendered by any person inconvenient or dangerous to pass.

To secure the reasonable and proper use and enjoyment of the public road by the public, and of the railroad; by its, owners, each must be required to observe the maxim of law that every person is restricted against using his property to the prejudice of others. And as it is plain that the railroad and the public road cannot at the crossing place both be occupied and used at the same time, even partially, the law, for manifest reasons, makes it the duty of persons. traveling upon the public road to stop until an approaching train or car passes that point. But the public, on the other hand, is entitled to the unobstructed use of the public road at the crossing place when it is not actually occupied, or about to be occupied, by moving trains or cars.

To concede to the owners of railways the right to stop their trains or cars at the place the public road crosses the railroad would not merely render the latter inconvenient and dangerous, but, in many cases, useless. Not even business necessities will authorize the owners of railroads to thus obstruct the public roads.

In this case the hand-car appears to have been stopped and left stationary at the crossing place, and was an actual impediment and obstruction of the public road; and as such obstruction was intentionally created, and did not arise from accidental causes, the offense of a public nuisance was complete. The Commonwealth was not confined to the day alleged in the indictment, but had the right to prove the commission of the offense on any day within twelve months before the finding of the indictment; and although it was not necessary to prove that the road was obstructed more than one day, or upon more than one occasion, the defendant was not prejudiced thereby, because the jury was instructed by the court that they were authorized to find the defendant guilty of only one alleged nuisance.

The indictment was originally against the Cincinnati Southern Railway, but the attorney for the Commonwealth asked and obtained leave of the court to prosecute the case against the defendant by the name of the Trustees of the Cincinnati Southern Railway, *alias* the Cincinnati Railroad Company.

Counsel for appellant contend that the Trustees of the Cincinnati Railway are not a corporation, and cannot be indicted as such; but, for a violation of law, must answer individually.

Although they do not possess all the attributes of a corporation, still they are not limited to the powers possessed by mere trustees of an express trust, or relieved of the respon-

sibilities and duties imposed upon other railroad corporations; for, by special act of the General Assembly, they have the power to sue and to be sued, contract and take and hold property, and convey and transfer the same, by the name of the "Trustees of the Cincinnati Southern Railway." No other construction can be put upon the act giving them the right of way through the State, and all the powers and privileges and franchises possessed by other corporations to build, equip, and operate or lease the railroad when built, than that they should be held liable like other railroad corporations for the violation of the laws of the State.

The title by which they may sue and be sued is prescribed, and to secure their full and complete responsibility for a violation of the laws of the state, as well as remedy for the wrongs done to individuals, they are required by the act to keep an agent, upon whom process may be served in every county through which their road runs, and it is made a condition of the enjoyment and exercise of the rights, privileges, and franchises conferred by the act, that they shall submit to the jurisdiction of the courts of the state, and waive the right to remove any case therefrom to the courts of the United States, or to bring a suit against a citizen of the State in the United States courts.

In every material respect they are made a corporation by the act referred to, and may be indicted for any violation of law that a railroad corporation may be.

The next error complained of is, that the court improperly refused to give instruction B asked by appellant. That instruction is substantially, that if the hands working on the railway were not under the control of the Cincinnati Railroad Company, or if the hand-car did not belong to said company, or was placed on the public highway by the

hands or operatives under its control, they must find for said company.

As before stated, the indictment is against "The Trustees of the Cincinnati Southern Railway, *alias* the Cincinnati Railroad Company." There is nothing in the record to show that the "Cincinnati Railway Company" is distinct from the "Trustees of the Cincinnati Southern Railway," or that there is a corporation or association by the name of "The Cincinnati Railway Company," or that it is anything else than an alias for the "Trustees of the Cincinnati Southern Railway."

It is true one of the witnesses, Durham, stated that the trustees of the Cincinnati Southern Railway, under their contract with the lessees, the Cincinnati Railroad Company, had to keep the road-bed in order, and that the Cincinnati Railroad Company had nothing to do with the repairs on the road; that it only run the trains on the road, the hands repairing the road being under the control and management of the trustees of the Cincinnati Southern Railway.

But in the absence of any suggestion by the defendant that the "Trustees of the Cincinnati Southern Railway" are different from the "Cincinnati Railway Company" by motion to compel the Commonwealth's attorney to elect which he would prosecute, or otherwise, this court cannot presume that the latter is anything else than an *alias* or another name for the former, or that there is in fact more than one defendant.

The instruction being asked upon the assumption that there are two corporations or companies, was properly refused.

We perceive no error in the instructions given by the court.

Wherefore, the judgment of the court below is affirmed.