## The Illinois Central Railroad Company

*v.*

## George W. Davidson.

*Opinion filed February 21, 1907.*

1. Railroads—*whether a railroad should maintain fence is a question of law.* Whether a railroad company is required to fence its right of way at some particular place is a question of law, to be determined from a construction of the statute.

2. Same—*duty of a railroad company to construct wing fences and cattle-guards.* At whatever places a railroad company is expressly or impliedly exempt from fencing its right of way it must construct and maintain wing fences and cattle-guards at the termini of the portions of the right of way required to be fenced.

3. Same—*railroad must erect wing fences and cattle-guards at crossing of its line with another railroad.* A railroad company is, by necessity, exempt from fencing its right of way at the grade crossing of its line with another railroad, and hence it is bound, in law, to erect wing fences and cattle-guards at such crossings.

4. Same—*fact that another railroad has neglected to perform its duty is no defense.* The fact that the stock killed by a railroad upon its right of way came upon the same from the right of way of another railroad company which had failed to properly maintain its wing fences and cattle-guards at a nearby highway crossing is no defense to an action for damages under section 68 of the Railroads act, where the defendant company had no wing fences or cattle-guards at the crossing of its road with such other railroad.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Shutt, Graham & Graham, (John G. Drennan, of counsel,) for appellant:

At common law a railroad company owes no duty to fence. In the absence of statute it owes no duty to keep stock off its track. 13 Am. & Eng. Ency. of Law, (2d ed.)

590, note; 2 Shearman & Redfield on Negligence, sec. 418; *Railroad Co.* v. *Baugh,* 14 Ill. 211.

· Whether or not a fence is required at any certain point is a question of law. *Railroad Co.* v. *Whalen,* 42 Ill. 396; *Railroad Co.* v. *Cory,* 39 Ind. 218.

The declaration must show that the cattle came on the right of way at a point where the company is bound to fence. *Railroad Co.* v. *Williams,* 27 Ill. 48.

Plaintiff must show that defendant violated a duty by failing to keep up a fence at the point where stock entered. *Railroad Co.* v. *Linder,* 39 Ill. 433; 2 Shearman & Redfield on Negligence, sec. 436.

Section 68 of chapter 114 of our statutes does not require a railroad company to place cattle-guards at its crossings with other railroads unless those crossings are at public roads. 3 Starr & Cur. Stat. sec. 68, p. 3253.

Road crossings are crossings over which the public walks and drives and over which stock ordinarily passes. ·They are the crossings of public highways—not of steam railroads. 3 Starr & Cur. Stat. sec. 68, p. 3253, and sec. 70, p. 3264; *Brace* v. *Railroad Co.* 27 N. Y. 269.

When statutes require signals at crossings they are generally held to apply to public highways at grade crossings. *Reynolds* v. *Railway Co.* 69 Fed. Rep. 808.

A company is not required to fence where public convenience forbids fencing. *Railroad Co.* v. *Guertin,* 115 Ill. 466; 2 Shearman & Redfield on Negligence, secs. 434, 435; *Railway Co.* v. *Umphenour,* 63 Ill. App. 643; *Railroad Co.* v. *Hans,* 111 Ill. 114; *Railway Co.* v. *Myers,* 43 Ill. App. 251; *Railway Co.* v. *Abney,* 43 id. 92; *Railway Co.* v. *Roper,* 47 id. 320; *Railroad Co.* v. *Franklin,* 53 id. 632.

ROBERT H. PATTON, for appellee:

Where stock goes upon the right of way at an exempt place and wanders to a place required to be fenced, because of the lack of cattle-guards the railroad company is liable.

*Railroad Co.* v. *Franklin,* 159 Ill. 99; *Railroad Co.* v. *Elder,* 149 id. 173; *Railroad Co.* v. *Pickrell,* 72 Ill. App. 601; *Railroad Co.* v. *Blair,* 75 id. 659; *Railroad Co.* v. *Green,* 65 id. 415; *Railroad Co.* v. *McCullough,* 65 id. 444; *Railway Co.* v. *Thompson,* 48 id. 38; *Railroad Co.* v. *Elder,* 53 id. 632.

A proper construction of section 68 of chapter 114 of our statutes will not exempt a railroad company from fencing anywhere along its line without closing the gap made at such exempt place with a cattle-guard and connecting fences.

Where railroads are exempt, either expressly or impliedly, from fencing portions of their road, cattle-guards, connected with fences, must be placed at the terminus of the exempt portion to prevent stock from going to the portion required to be fenced, and the railroad companies are liable for a failure to do so. *Railroad Co.* v. *Franklin,* 159 Ill. 99; 53 Ill. App. 632; *Railroad Co.* v. *Elder,* 149 Ill. 173; *Railroad Co.* v. *Pickrell,* 72 Ill. App. 601; *Railroad Co.* v. *Blair,* 75 id. 659; *Railway Co.* v. *Green,* 65 id. 415; *Railway Co.* v. *McCullough,* id. 444.

Mr. Justice Vickers delivered the opinion of the court:

Appellee brought this suit against the Illinois Central Railroad Company to recover damages to eight horses and one mule, and attorney's fees, under the Railroad Fencing act of this State, caused by the engine and cars of the railroad company. The facts are undisputed, and the sole question for our determination is whether the railroad company is liable for the injuries under section 68 of chapter 114. (3 Starr & Cur. Stat. p. 3253.)

There is a grade crossing of the Illinois Central railroad and the Pawnee railroad at Pawnee Junction, Illinois, at right angles. The fences of the two roads join, so as to enclose the crossing. Neither road has constructed wing fences or cattle-guards, so as to prevent animals that might

get upon the crossing from wandering along the right of way of either railroad. Appellee's horses got onto the right of way of the Pawnee railroad through a defect in the fence about a quarter of a mile east of the crossing of the two roads. They passed down west to the crossing, turned south on the Illinois Central railroad right of way and traveled about a mile. Here they encountered a cattle-guard and turned north on the Illinois Central, and were struck and injured by one of appellant's trains about three-quarters of a mile south of the crossing. The judgment below was for $1375 as the value of the animals and $150 attorney's fee. The judgment has been affirmed by the Appellate Court for the Third District, and the Illinois Central Railroad Company has prosecuted this further appeal.

The circuit court refused to direct a verdict for appellant, and also refused general instructions based upon the theory that appellant was not required to construct wing fences and cattle-guards at the crossing described. Exceptions to these rulings of the court were preserved, and the errors assigned thereon present the only question involved.

The section of the statute upon which appellee relies for recovery reads as follows: "That every railroad corporation shall, within six months after any part of its line is open for use, erect and thereafter maintain fences on both sides of its road or so much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad, except at the crossings of public roads and highways, and within such portion of cities and incorporated towns and villages as are or may be hereafter laid out and platted into lots and blocks, with gates or bars at the farm crossings of such railroad, which farm crossings shall be constructed by such corporation when and where the same may become necessary, for the use of the proprietors of the lands adjoining such railroad; and shall also construct, where the same has not already been done, and thereafter maintain at all road cross-

ings now existing or hereafter established, cattle-guards, suitable and sufficient to prevent cattle, horses, sheep, hogs and other stock from getting on such railroad; and when such fences or cattle-guards are not made as aforesaid, or when such fences or cattle-guards are not kept in good repair, such railroad corporations shall be liable for all damages which may be done by the agents, engines or cars of such corporation, to such cattle, horses, sheep, hogs or other stock thereon, and reasonable attorney's fees, in any court wherein suit is brought for such damages, or to which the same may be appealed; but where such fences and guards have been duly made and kept in good repair, such railroad corporation shall not be liable for any such damages, unless negligently or willfully done."

Whether or not appellant is required by the foregoing statute to construct and maintain cattle-guards and wing fences at the crossing in question is a question of law, (*Illinois Central Railroad Co.* v. *Whalen,* 42 Ill. 396,) and it must be determined from a construction of the statute in question. The object sought to be accomplished by the enactment of this statute was to prevent injury to domestic animals and to protect employees and the traveling public from the danger resulting from the obstruction of railroad tracks. (*Terre Haute and Indianapolis Railway Co.* v. *Williams,* 172 Ill. 379.) The statute should receive a liberal construction in furtherance of its objects. Public roads and highways and platted portions of cities, towns and villages are expressly excepted from the general purview of the statute in question, and by construction it has been held that other places where public convenience forbids fencing were also excepted as being within the spirit and intent of the statute. (*Chicago and Eastern Illinois Railroad Co.* v. *Guertin,* 115 Ill. 466; *Chicago, Burlington and Quincy Railroad Co.* v. *Hans,* 111 id. 114.) It has also been settled that where the railroad is exempt, either expressly or by necessary implication, from fencing certain portions of its road, cattle-guards,

connected with wing fences, must be placed at the terminus of the exempt portions, to prevent animals from going to portions of the right of way required to be fenced. (*Atchison, Topeka and Santa Fe Railroad Co.* v. *Elder,* 149 Ill. 173; *Toledo, St. Louis and Kansas City Railroad Co.* v. *Franklin,* 159 id. 99.) In Elliott on Railroads (vol. 3, sec. 1198,) the rule is laid down as follows: "The general rule is, that wherever a railroad company is under obligation to fence its tracks it is bound to maintain cattle-guards at the boundary line between the fenced and unfenced parts of its track." Clearly, there is an implied exemption from the duty to fence the right of way at a grade crossing of one railroad over another, and yet, unless a railroad is included in the words "public roads and highways," it is not expressly excepted by the language of the statute, but it would be so absurd and impracticable to give the statute a construction requiring one railroad to build a fence across the track of another that we have no hesitation in holding that such railroad crossing is excepted, whether it be included in the words "public roads and highways" or not. There is here, therefore, an exception, and appellant was not required to fence its right of way across the Pawnee railroad right of way; and this brings us to the precise and only frictional question in the case: whether appellant was required to construct cattle-guards and wing fences so as to prevent domestic animals from getting upon its right of way from the right of way of the Pawnee Railroad Company.

Appellant contends, with much force and reason, that a distinction exists between this crossing and other places where railroads are not required to fence, in that as to all other such places where public convenience requires the road to be left open the public have a right to use such open places, and that domestic animals may be rightfully there and may stray upon the railroad unless prevented by wing fences and cattle-guards, while as to the crossing in question the public have no right to use said crossing except to cross over it on

the cars of one or the other of the railroads, and that in no event can domestic animals get upon said crossing without passing over the line fence of one of the railroads. In other words, the contention seems to be that since the duty to fence, under the law, is binding upon both companies, appellant ought not to be held liable for a failure to construct and maintain wing fences and cattle-guards, the only necessity for which would result from the failure of the intersecting railroad to comply with the statute requiring it to erect and maintain suitable fences on both sides of its right of way. The duty imposed on appellant by the law cannot be made to depend upon the observance or non-observance of the legal duty resting upon another. It may be true that the neglect of the Pawnee Railroad Company to keep its fences in repair made it possible for the animals in question to get upon appellant's right of way, but it is also true that if appellant had constructed sufficient wing fences and cattle-guards on each side of the space it was not required to fence at this crossing, the animals could not have strayed to the place where they were struck. The duty to fence and to construct cattle-guards is absolute, and it is no defense that another railroad company owing the same duty has neglected to perform it. (*Marengo* v. *Great Western Railway Co.* 84 Minn. 397; 87 N. W. Rep. 1117.) The law is well settled that the fact that the animals were running at large in violation of the statute is no defense to an action for injury to such animals based on a violation of the statute. (*Ewing* v. *Chicago and Alton Railroad Co.* 72 Ill. 25; *Cairo and St. Louis Railroad Co.* v. *Woosley,* 85 id. 370.) If the unlawful act of the owner which makes the injury possible is not available as a defense, it would seem that the unlawful act of a third party could not exempt appellant from liability.

While no adjudicated case involving the exact question here presented has been cited by counsel or found by us in this or any other State, it seems to us more consonant with reason and the true intent and spirit of the statute to hold

that wherever there is an express or implied exception to the statute requiring railroads to fence their rights of way, the duty to enclose the fenced portion of the right of way by the construction and maintenance of suitable and sufficient wing fences and cattle-guards arises where the duty to fence ends, and that the failure of appellant herein to comply with the statute as thus construed renders it liable. There was consequently no error in refusing to direct a verdict and in refusing the instructions offered by appellant, based upon a contrary construction of its duty under the statute.

The judgment of the Appellate Court for the Third District is affirmed.