# James Finucane, Appellee, v. Illinois Central Railroad Company et al., Appellants.

1. RAILROADS—*what attorneys' fees may be recovered.* Notwithstanding attorneys' fees may have been recovered in an action against a railroad for the killing and injuring of stock for want of proper fencing, yet, additional attorneys' fees may be recovered in a subsequent action for services in following successive appeals, from the judgment first rendered.

2. INSTRUCTIONS—*when errors will not reverse.* Erroneous instructions will not reverse unless it appears that the jury were misled thereby.

Assumpsit. Appeal from the Circuit Court of Williamson county; the

HON. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

W. W. CLEMENS and DENISON & SPILLER, for appellants; W. S. HORTON, BLEWETT LEE, W. W. BARR, E. H. SENEFF and H. T. DICK, of counsel.

W. A. SCHWARTZ and WILLIAM H. WARDER, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This was an action of assumpsit brought by appellee against the appellants in the Circuit Court of Williamson county. The trial of the case resulted in a verdict for the appellee for $500, upon which judgment was rendered, and from the rendition thereof the appellants prosecute this appeal.

On October 8, 1908, the appellee recovered a judgment in the Circuit Court of Williamson county against the appellants on account of killing and injuring of stock for want of proper fencing of the railroad as provided in section 62 of chapter 114 of the Revised Statutes of Illinois. The amount of the judgment rendered as damages for the killing of such stock was $4,600 and $400 attorney fees for the trial of the case in the Circuit Court. The defendants in that suit (appellants here) appealed the case to this court; the case was argued in the Appellate Court and the judgment of the Circuit Court was affirmed, and thereupon the appellants presented a petition for a writ of *certiorari* to the Supreme Court of the State of Illinois, which petition was refused. This suit is brought by the appellee (who was the plaintiff in the former suit) to recover attorney's fees paid out by him in the defense of the former suit in the Appellate and Supreme Courts.

The declaration filed herein sets forth substantially

the facts above stated, and to this declaration the appellants filed several special pleas, and have, in various other ways, presented the question as to their liability for such fees, and all of these questions having been decided *adversely* to them they now insist that a proper construction of the statute did not warrant the Circuit Court in rendering judgment against them for the attorney's fees accruing on account of such appeal.

Section 62, Chapter 114, provides:

"And when such fences or cattle guards are not made as aforesaid, or when such fences or cattle guards are not kept in good repair such railroad corporation shall be liable for all damages which may be done by the agents, engines or cars of such corporation to such cattle, horses, sheep, hogs or other stock thereon, and reasonable attorney's fees in any court wherein suit is brought for such damages or to which same may be appealed."

And while the construction of this statute has been presented and discussed from several viewpoints the principal question to be determined is, has the appellee the right to recover attorney's fees in an independent suit for services rendered in the Appellate and Supreme Courts, where the fees for services rendered in the same case in the Circuit Court were included in the original judgment. A determination of this question will dispose of all of the propositions submitted by counsel for appellants, except as to one or two made upon the instructions, which will be hereafter determined.

It is insisted by counsel for appellants that this question has been settled in the case of Peoria, Decatur & E. R. R. Co. v. Duggan, 109 Ill. 537. As we understand the case referred to an attorney's fee for the trial in the Circuit Court was included in the judgment and the objection urged was that the fee could not be included in the same judgment, and in discuss-

ing this objection the court said: "The liability for attorney's fees exists at the time the suit is commenced. It arises at the same instant with the suit for damages and although it be that the services for which the attorney's fee is given are performed during the progress of the suit, the fee may most fitly and conveniently be assessed in the same suit with the damages. There is no substantial reason why the plaintiff should be put to an additional suit for the recovery of an attorney's fee." It is true that a liability for an attorney's fee may exist at the time of the commencement of a suit, and arise at the same instant with the suit for damages but the extent of this liability cannot be determined until the services of the attorney are rendered and their value ascertained. In the case above referred to the only services rendered, and about which there was any question, was the services of the attorney in the Circuit Court, and the value of such services could be determined and proof thereof made before the jury retired to consider their verdict. It would be unreasonable to say that the attorney's fee for services rendered on an appeal should have been included in the original judgment. The value of such services, or whether it was necessary that any should be rendered, could not be then proven, and certainly judgment could not be rendered for something that was incapable of proof. Such a construction of this statute would render that part of it as to attorney's fees in cases of appeal nugatory. The case of C. C. C. & St. L. R. R. Co. v. Hamilton, 200 Ill. 633, was an independent action to recover attorney's fees rendered in the defense of an appeal in a case similar to the one now on trial, and in that case the judgment of the court was affirmed. It is said, however, by counsel for appellants that this case only determines that this statute is constitutional. It is quite true that that question was decided in the case but the decision arose

upon a general and special demurrer to the declaration which claims that the appellant was liable for the attorney's fee in the defense of the appeals in the former case, and if there had been any question in the mind of the Supreme Court about the liability of the appellant under this statute it could and should have been determined in this case. We think this case recognizes the doctrine that an attorney's fee for services rendered in the defense of an appeal may be recovered in an independent suit.

Again, it is said that an attorney's fee in the trial of the Circuit and Appellate Courts is all one cause of action, and to permit a recovery for the services in the Appellate Court in an independent suit would be to split the cause of action. We do not agree with the contention of counsel in this respect. To constitute the splitting of a cause of action all of the demands must be due and collectible at the time the suit is commenced. As we have above stated, the attorney's fee for services rendered in the Appellate Court was not due and collectible at the time the judgment was rendered in the Circuit Court. Nickerson v. Rockwell, 90 Ill. 460; McDole v. McDole, 106 Ill. 452.

Again, it is contended that the first instruction given at the request of appellee is erroneous in this, that it does not quote the law fully as to the conditions under which appellants were originally liable. Even if this instruction was erroneous in this respect it was harmless error, as that question had been determined in the former trial. It is also insisted that this instruction was erroneous in informing the jury that plaintiff could recover reasonable compensation for the services of Schwartz and Warder, and that the jury would doubtless infer from this instruction that appellee was entitled to recover a larger fee as compensation for the services of two lawyers. This instruction is not susceptible of such construction when considered in

connection with the other instructions given in the case. In the third instruction given upon the part of appellants, the jury is plainly told that the number of attorneys employed by the plaintiff would not be material and should not be considered by the jury; the statute upon which this suit is brought only provides for a recovery of reasonable attorney's fees in the court to which plaintiff's case was appealed, and by reasonable attorney's fees provided for in this statute is meant reasonable attorney's fees for the work necessarily involved in trying plaintiff's cases in the courts to which the same was appealed and this amount would not depend upon the number of attorneys which the plaintiff actually employed to perform such services.

It is insisted that as appellee's second instruction contained the language, "You should take into consideration the skill and standing of the attorneys employed" it was erroneous; by an examination of this instruction you will find that it adds to the above words the following, "If the same appears in the evidence." An examination of this record will disclose that there was no evidence with reference to the particular skill or standing of the attorneys and certainly the jury could not have been misled by this expression. Besides, the first and third instructions given on behalf of appellants are very clear and explicit in informing the jury that only a reasonable fee for the services performed can be allowed. The only effect this phase of the instruction could have had would be to increase the measure of damages, and the jury certainly were not misled by it as they could have found a verdict for $700 and been within the range of the testimony. Besides, the testimony of the appellants fixed $400 as a reasonable fee for the services rendered and the jury returned a verdict for $500. And even though this instruction was not strictly accurate we do not believe that the jury was misled by it or that

their verdict included any damages for any particular skill or standing of the attorneys.

We are of the opinion that there is no reversible error in this case and the judgment of the Circuit Court is affirmed.

*Affirmed.*