**William Edwards, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.**

1. RAILROADS—*cattle guards as to animals running at large.* The fact that animals were running at large in violation of law is no defense to an action against a railroad for injury to such animals based on violation of statute requiring cattle guards.

2. RAILROADS—*injury to cattle, contributory negligence.* In action against railroad for injury to cattle through failure of defendant to maintain cattle guards, held that trial court was warranted in refusing to find that plaintiff was guilty of contributory negligence in not securely fastening gate to pasture in the dark.

3. APPEAL AND ERROR—*allowance of attorney's fee.* Where railroad appeals from judgment against it for injury to cattle through its failure to maintain cattle guards, a motion of plaintiff's counsel for allowance of a reasonable attorney's fees for services rendered

on appeal will be denied, his remedy in that regard being a new suit.

Appeal by defendant from the Circuit Court of Bond county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1925. Affirmed. Opinion filed April 15, 1925.

C. E. DAVIDSON, for appellant.

ALBERT, WEBB & ALBERT, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

This case was tried before the court without a jury upon a stipulation of facts. Appellant admitted a failure on its part to construct cattle guards at a place where they should have been constructed and that appellee's cattle went upon the railroad track at that place and were killed by one of appellant's trains. It is contended that appellee was guilty of contributory negligence which should bar a recovery. Three carloads of cattle were shipped to appellee from Omaha, Nebraska, and were carried by appellant to Reno, Illinois. They reached their destination on the evening of April 4, 1924, at about 7:30 p. m., and appellee was notified of their arrival. He and his assistants reached Reno after dark and unloaded one of the cars into a pen provided by appellant. The pen would hold but one load so some of the men drove the first load of cattle to a pasture. The gate of the pen was then closed and fastened by putting the iron hook into the staple but the man did not notice, in the dark that there was a slide board to the gate and failed to fasten the gate with that board. The second car of cattle was then unloaded into the pen and the men proceeded to place the third car in place for unloading. When they returned to the pen the cattle had escaped therefrom and were not in sight. They closed the gate, unloaded the third car and took those cattle to the pasture. Having done

so they returned and searched most of the night for the missing cattle but failed to find them. In the morning it was found that twelve of them had been killed and four injured by appellant's train.

It has been held that the statute was intended to require cattle guards and fences to prevent cattle at large in the highway from getting upon the right of way, regardless of the question as to how said cattle came to be in the highway. [Cahill's St. ch. 114, ¶ 78.] *Brandt v. Joliet & E. Traction Co.,* 213 Ill. App. 512; *Illinois Cent. R. Co. v. Davidson,* 225 Ill. 618. The law is well settled that the fact that animals were running at large in violation of law is no defense to an action for injury to such animals based on a violation of the statute in question. *Illinois Cent. R. Co. v. Davidson,* 225 Ill. 618-624. Where the trial court refused to instruct the jury as to contributory negligence this court said: ''The only act of appellee, claimed by appellant to have been negligent, is that of pasturing his cow on land joining the right of way of appellant, knowing there was no sufficient fence to keep her from straying on the tracks. We cannot concur in that view. Appellant should have had its road fenced and appellee had the right to have his cow in his pasture, and the mere fact that he put his cow in the pasture and left her there, when there was no fence to keep her off the railroad tracks, is not evidence of contributory negligence, causing death of the cow.'' *Hartzell v. Alton, G. & St. L. Traction Co.,* 183 Ill. App. 641. That case was affirmed in 263 Ill. 205.

In the case at bar there is no evidence that appellee knew that appellant had not constructed cattle guards at the place in question. We cannot say that the court erred in refusing to hold that appellee was guilty of contributory negligence.

The court assessed appellee's damages in accordance with the stipulation and there is no just cause for complaint in that regard. Appellee filed a mo-

tion in this court requesting that the trial court be directed to hear evidence and allow him a reasonable attorney's fee for services rendered on this appeal. The motion is denied. His remedy, in that regard, is by a new suit, as we held in *Finucane v. Illinois Cent. R. Co.*, 169 Ill. App. 175.

The judgment is supported by the law and the evidence.

*Affirmed.*