EDWARDS v. SALT LAKE & UTAH R. CO.

No. 4501.   Decided November 3, 1927.   (261 P. 445.)

*A. B. Morgan,* of Provo, for appellant.

*H. S. Tanner,* of Salt Lake City, for respondent.

CHRISTENSEN, District Judge.

This is an action brought by the plaintiff to recover judgment against the defendant company and Los Angeles & Salt Lake Railroad Company, a corporation for damages claimed by said plaintiff in the sum of $415 on account of the killing of certain cattle owned by the plaintiff, by the train of the defendant, Salt Lake & Utah Railroad Company.

To the amended complaint filed by the plaintiff both the defendants filed a general demurrer. The demurrer of the defendant, Los Angeles & Salt Lake Railroad Company, was sustained, and plaintiff's action as against said defendant was dismissed. The demurrer of the defendant, Salt Lake & Utah Railroad, was overruled, and said defendant made answer to plaintiff's amended complaint.

Before the trial the plaintiff and the defendant, Salt Lake & Utah Railroad Company, made and entered into the following stipulation as to the facts:

(1) That the defendant, the Salt Lake & Utah Railroad Company, now is, and was at all the times mentioned in this

stipulation, a corporation, owning, operating and managing an electric line of railroad through Salt Lake County and Utah County, between Salt Lake City and Lehi City, Utah.

(2) That the defendant Los Angeles & Salt Lake Railroad Company now is, and was at all the times in this stipulation mentioned, a corporation, owning, operating, and managing a line of railroad through Salt Lake county and Utah county, between Salt Lake City and Lehi City, state of Utah.

(3) That each of said defendants had built, operated, owned, and managed its respective lines of railroad hereinbefore referred to more than one year prior to the time of the injury to the cattle hereinafter referred to.

(4) That at all the times mentioned in this stipulation it was the duty of each of said defendants to erect and maintain certain fences on the sides, respectively, of their rights of way and tracks, where the same pass through lands owned and improved by private owners, and connect the same at all public road crossings with cattle guards.

(5) That the railroad tracks and rights of way of said defendant railroad companies cross each other at a point immediately east of the Jordan river and near the east township line of township 5 south, range 1 west of the Salt Lake meridian, in Utah county, Utah. That where said railroad tracks cross each other and from said crossing in all directions where said railroad tracks run, said railroads pass through land owned and improved by private owners. That for more than a year prior to the injury to the cattle hereinafter mentioned, said defendants, and each of them, had constructed and maintained good and sufficient fences, as required by the statute of the state of Utah, on both sides of their respective rights of way up to the point where said rights of way of said defendants intersect with each other. That for more than a year before the injury to the cattle hereinafter mentioned the defendant, Los Angeles & Salt

Lake Railroad Company, had constructed and maintained a good and sufficient fence, as required by the statute of the state of Utah, on the north side of its right of way from the point where its right of way intersects with the right of way of the defendant, Salt Lake & Utah Railroad Company, to the said Jordan river, together with a wing fence from the end of its said north fence at the bank of the Jordan river to the bridge of the defendant Salt Lake & Utah Railroad Company crossing said Jordan river. That for more than a year before the injury to the cattle hereinafter mentioned the defendant, Salt Lake & Utah Railroad Company, had constructed and maintained a good and sufficient fence, as required by the statutes of the state of Utah, on the west side of its right of way from a point where its right of way intersects with the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, to the Jordan river, together with a wing fence from the end of its said fence on the bank of the Jordan river to the bridge of the defendant, Salt Lake & Utah Railroad Company, crossing the said Jordan river. That some time prior to the injury of the cattle hereinafter mentioned the defendant, Los Angeles & Salt Lake Railroad Company, had permitted its fence at a point approximately a quarter of a mile east of the point where the rights of way of defendant railroad companies intersect to become out of repair to such an extent that cattle from fields adjoining the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, were able to get through said fence of the defendant, Los Angeles & Salt Lake Railroad Company, onto its right of way. That the defects in the fence of the defendant, Los Angeles & Salt Lake Railroad Company, hereinbefore mentioned were at all times unknown to the defendant, Salt Lake & Utah Railroad Company. That neither of said defendant railroad companies had ever at any time constructed or maintained any fences or cattle guards at the point where the rights of way of said defendant railroad companies intersect with each other, except as herein-

before stated. That the distance from the north fence of the defendant, Los Angeles & Salt Lake Railroad Company, to the west fence of the defendant, Salt Lake & Utah Railroad Company, on a line running at right angles to the point where the rights of way of said defendants intersect is 290 feet. That the distance from the point where the rights of way of said defendants intersect to the bridge of the defendant, Salt Lake & Utah Railroad Company, over the Jordan river is 420 feet. That no part of the aforesaid area, the dimensions of which are 290 feet in width by 420 feet in length, has ever at any time been used by either pedestrians, vehicles, or animals for any purpose whatsoever. That no part of the aforesaid area has ever at any time during the five years immediately preceding the injury to the cattle hereinafter mentioned been used for any purpose whatsoever, except that the said defendant railroad companies have at all times used the same exclusively for the sole purpose of crossing each other's tracks. ·

(6) That on or about the 15th day of November, 1924, the plaintiff herein was the owner of five head of Holstein cattle, three milk cows, one dry cow, and one heifer, of the total market value of $285; that said cattle on said 15th day of November, 1924, escaped from the field of the plaintiff lying adjacent and north of the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, through the defective fence of the defendant, Los Angeles & Salt Lake Railroad Company, onto the right of way of said railroad company at a point approximately one-quarter of a mile east of the point where the rights of way of said defendants intersect, without any knowledge of the defendant, Salt Lake & Utah Railroad Company. That said cattle proceeded in a westerly direction along the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, to the point where the rights of way of said defendants intersect; thence onto the right of way of the defendant, Salt Lake & Utah Railroad Company, thence southerly along the right of way of the defendant, Salt Lake & Utah Railroad

Company to a point approximately one-quarter of a mile south of the point where the rights of way of the defendants intersect, at which point the said cattle were all killed by a north-bound freight train of the defendant, Salt Lake & Utah Railroad Company, without any negligence whatsoever on the part of the persons operating the said freight train of the defendant, Salt Lake & Utah Railroad Company, or either of said persons.

The trial court, upon said stipulation and the testimony of one witness and certain photographs introduced by the defendant to illustrate the topography and character of the country at the point where the rights of way and railroad tracks of said railroad companies cross each other, made its findings of fact and conclusions of law, and entered judgment in favor of plaintiff and against the defendant, Salt Lake & Utah Railroad Company, for the sum of $285.

Said defendant moved for a new trial which said motion was by the court denied, and said defendant appeals.

The appellant complains that the trial court erred in its conclusions of law and judgment that respondent is entitled to recover from the appellant the sum of $285, or any sum, since the court failed to find that the crossing of the appellant's railroad track over the track of the Los Angeles & Salt Lake Railroad Company is a public crossing, and further failed to find that any duty devolved upon the appellant to construct wing fences and cattle guards at the point where appellant's railroad track crosses the railroad track of the Los Angeles & Salt Lake Railroad Company, and that the court also erred in denying the appellant's motion for a new trial. Appellant contends that said railroad intersection is not a public road crossing such as is contemplated by Comp. Laws 1917, § 1253, and cites numerous authorities defining public roads: Compiled Laws Utah 1917, § 5848, subd. 15; 6 Words and Phrases, Second Series, p. 5819; *Singleton* v. *Commissioners of Roads*, 2 Nott &

McC. (S. C.) 526; *Shelby County Commissioners* v. *Castetter,* 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687; *Abbott* v. *City of Duluth* (C. C.) 104 F. 833; *Cincinnati R. Co.* v. *Commonwealth,* 80 Ky. 137; *Heninger* v. *Peery,* 102 Va. 896, 47 S. E. 1013.

Appellant urges that the law is properly reflected by the court in the case of *Gallagher* v. *New York & New England R. Co.,* 57 Conn. 442, 18 A. 786, 5 L. R. A. 737, in which case it was held that:

"Where one railway track runs parallel with another railway track only 50 feet away, it is not required to erect a fence between the two tracks."

The court in said case further says:

"It is therefore our duty to discard a literal and adopt a rational construction. The manifest object of the act was to require fences to be built and maintained against private fields and lots where domestic animals might be feeding or stationed. It could not have been contemplated that animals requiring such protection would be on an adjoining railroad track, and it is obvious that a fence confining them to one track would ordinarily increase rather than diminish the risk of injury, since it would limit and narrow the facilities for escape from an approaching train."

It is earnestly stressed by the appellant that the Legislature of the state of Utah, in enacting section 1253 of the Compiled Laws of Utah, 1917, never intended that the phrase "at all public road crossings," mentioned in said section, should be construed to cover a private crossing of the tracks and right of way of two railroad crossings.

Respondent maintains that it was the duty of appellant to make and maintain a connection with wing fences and cattle guards, and that appellant was negligent in failing to connect the terminus of its fence on the west side of its right of way with wing fences and cattle guards where the tracks and the right of way of appellant meet and cross

the right of way of the Los Angeles & Salt Lake Railroad Company and leaving appellant's right of way to the extent of the width of the right of way of the other railroad unfenced, open, and accessible to animals straying upon the right of way of said other railroad.

The respondent has referred to and relies upon the case of *Illinois Central Railroad Company* v. *Davidson*, 225 Ill. 618, 80 N. E. 250. In this case the Supreme Court of Illinois held that under a statute which provides:

"That every railroad corporation shall, within six months after any part of its line is open for use, erect and thereafter maintain fences on both sides of its road * * * suitable and sufficient to prevent cattle [etc.], from getting on such railroad, except at the crossings of public roads and highways [etc.], * * * and shall also construct, * * * and thereafter maintain at all road crossings * * * cattle guards, suitable and sufficient to prevent cattle [etc.], from getting on such railroad; and when such fences or cattle guards are not made, as" provided, and "are not kept in good repair, such railroad" company is "liable for all damages which may be done by the agents, engines or cars of such corporation, to such cattle," etc.

And under a state of facts quite similar to the facts in the case at bar the railroad company was required to connect its side fences with wing fences and cattle guards at a point where its right of way intersected with the right of way of another railroad company at a crossing of the tracks of said railroad.

The court further says:

"Clearly, there is an implied exemption from the duty to fence the right of way at a grade crossing of one railroad over another, and yet, unless a railroad is included in the words 'public roads and highways,' it is not expressly excepted by the language of the statute, but it would be so absurd and impracticable to give the statute a construction requiring one railroad to build a fence across the track of another that we have no hesitation in holding that such railroad crossing is excepted, whether it be included in the words 'public roads and highways' or not. * * *

"It may be true that the neglect of the Pawnee Railroad Company to keep its fences in repair made it possible for the animals in question to get upon appellant's right of way, but it is also true that if appellant had constructed sufficient wing fences and cattle guards on each side of the space it was not required to fence at this crossing, the animals could not have strayed to the place where they were struck. The duty to fence and construct cattle guards is absolute. * * *

"It seems to us more consonant with reason and true intent and spirit of the statute to hold that wherever there is an express or implied exception to the statute requiring railroads to fence their rights of way, the duty to inclose the fenced portion of the right of way by the construction and maintenance of suitable and sufficient wing fences and cattle guards arises where the duty to fence ends, and that the failure of appellant herein to comply with the statute as thus construed renders it liable."

The respondent finally urges that the facts, conclusions, and decisions are sufficient; that no error occurred sufficient to vary the decision of the lower court; and that the judgment rendered should be affirmed.

We are of the opinion that the trial court in its findings of fact did not directly find that the intersection of the tracks of the defendant railroad companies, as set out in the pleadings and in the stipulation of facts, is a public road crossing, and that the evidence submitted does not warrant such a finding. We are further of the opinion that the said findings of the trial court fail to disclose any direct finding that any duty devolved upon the appellant to construct and maintain wing fences and cattle guards over and across the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, at the point of said intersection.

The question is, Was the conclusion of law that the plaintiff is entitled to a decree and judgment against the defendant, Salt Lake & Utah Railroad Company, warranted by the findings which the court did make?

Since the common law does not require railroad companies to fence their rights of way, it follows that the duty resting

upon railroad companies to so fence is purely a statutory duty.

Section 1253 of the Compiled Laws of Utah 1917, so far as material to this cause, is as follows:

"Every railroad company operating a railroad by steam, electric, gasoline, or any other mechanical motive power within this state or which hereafter constructs or operates any such road, is hereby required to erect, within one year, and thereafter maintain, a fence on each side of its railroad where the same passes through lands owned and improved by private owners, and connect the same, at all public road crossings, with cattle guards. * * * And any such corporation shall be liable for all damages sustained by the owner of any domestic animal killed or injured by such railroad, in consequence of the failure to build or maintain such fence."

And since in the instant case it is expressly stipulated that respondent's cattle were killed by appellant's train without any negligence whatsoever on the part of the persons operating said train, the question to determine in this case is whether or not the defendant, Salt Lake & Utah Railroad Company, had complied with the requirements of the said section 1253, by constructing and maintaining a good and sufficient fence, as required by the statutes of the state of Utah, on the west side of its right of way from a point where its right of way intersects with the right of way of the defendant, Los Angeles & Salt Lake Railroad Company, to the Jordan river, together with a wing fence from the end of its said fence on the bank of the Jordan river to the bridge of the defendant, Salt Lake & Utah Railroad Company, crossing said Jordan river, while at the same time the defendant, Los Angeles & Salt Lake Railroad Company, had constructed and maintained such good and sufficient fence, as required by the statutes, on the north side of its right of way from the point where its right of way intersects with the right of way of defendant, Salt Lake & Utah Railroad Company, to the Jordan river, together with a wing fence from the end of its said north fence at the bank

of the said Jordan river to the bridge of the defendant, Salt Lake & Utah Railroad Company, crossing said Jordan river; and further, that neither of the said defendant companies had ever constructed or maintained any fences or cattle guards at the point where the rights of way of said defendant companies intersect with each other, except as hereinbefore stated.

In other words, are the requirements of the statutes complied with by two railroad companies whose rights of way intersect each other, when said companies construct and maintain fences so that the combined rights of way are inclosed from surrounding lands, but the respective rights of way of said railroad companies are not separated from each other by such fences?

The entire controversy in this case therefore hinges upon the question whether or not the appellant satisfied the requirements of said statutes by connecting its fence on the east side of its right of way with the fence of the defendant, Los Angeles & Salt Lake Railroad Company, at the point of intersection of said rights of way and not building a wing fence and cattle guards over and across the right of way of said defendant, Los Angeles & Salt Lake Railroad Company.

The proximate cause of the injury to his cattle of which the plaintiff, respondent herein, complains was unquestionably the failure of the defendant, Los Angeles & Salt Lake Railroad Company, to maintain its fence along the north side of its right of way in proper repair, but the weight of authority seems to support the holding of the Supreme Court of Ohio, in the case of *Hocking Valley R. Co.* v. *Geo. Phillips,* 81 Ohio St. 453, 91 N. E. 118, 29 L. R. A. (N. S.) 573, that " the liability of a railroad company, under section 3324, Revised Statutes" of Ohio, "to respond in damages for injuries to stock in consequence of its neglect to construct and maintain a sufficient fence on each side of its road, is limited to loss or injuries occurring upon its own

right of way," although a considerable number of courts have held contrary views.

We have been unable to find any other case than the one cited by the respondent, *Illinois Central R. Co.* v. *Davidson*, that holds that where two railroads intersect, each company must construct cattle guards and wing fences at the crossing.

There are divergent views expressed by the authorities in relation to the requirement to erect and maintain fence between parallel railroads where their rights of way are contiguous, some cases supporting the view expressed in the case of *Gallagher* v. *New York, etc., R. Co.*, supra, relied upon by appellant herein, and others taking an opposite view. The difference of opinion may be accounted for in a measure by the variation in the facts and the wording of the statutes invoked.

The Utah statute imposing the duty to fence differs somewhat from the Illinois statute relied upon by the respondent, and is, in the opinion of the writer, free from any ambiguity or difficulty of construction, and limits the requirement to connect the side fences with cattle guards to *public road crossings*.

If the place where the cattle in question entered upon the right of way of defendant Salt Lake & Utah Railroad Company, to wit, at the intersection of the rights of way of the defendant railroad companies, was not a public road crossing, then it follows that the defendant, Salt Lake & Utah Railroad Company, is not liable for the cattle in question killed upon its track.

In *Bernardi* v. *Northern Pacific R. Co.*, 18 Idaho, 76, 82, 108 P. 544 (27 L. R. A. [N. S.] 796) it is said:

"This court would not be justified in reading into the statute language which the Legislature did not put there or extending the construction of the language so as to embrace conditions clearly not in-

tended by the Legislature. It is clearly within the power of the Legislature as a police regulation to require railroad companies to fence their track and it is for the judgment of the Legislature whether such duty shall be extended to the requirement that a railroad shall fence its road in municipalities and towns or in rural sections where the lands are not cultivated or inclosed, such as the open prairie, sagebrush, and timber lands not cultivated or inclosed; and until the Legislature does so provide, damages cannot be recovered for live stock killed upon a railroad track by agents of the company in operating its road, without proving negligence. In other words, the failure to fence will not supply the proof of negligence, unless it be shown that the animal killed entered upon the track at a place where the law requires the company to fence."

In 33 Cyc. 1178, it is said:

"Where animals go upon a railroad track at places where the company is not obliged to fence or construct cattle guards and are killed or injured, the case must be decided upon common-law principles as if no statute on the subject of fencing existed, and there can be no recovery against the railroad company in the absence of proof that the injury was caused by its negligence."

We are constrained to take the view that the findings which the trial court made did not justify and were not sufficient to warrant the conclusions of law and judgment and decree of said court.

The judgment of the trial court is therefore reversed and the cause remanded for a new trial at respondent's cost.

THURMAN, C. J. and STRAUP, J. concur.

HANSEN, J., being disqualified, did not participate herein.

CHERRY, J., dissenting.